**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANK E. BRAUNS, ) | Case No. 2:13-cv-00581-GMN-PAL |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| CITY OF HENDERSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on a letter received by the undersigned from Plaintiff Frank E. Brauns.  Plaintiff is proceeding pro se.  The court has considered the letter, however, it is difficult to understand what Plaintiff is requesting.   Plaintiff is advised that a letter is not an appropriate way to request relief from the court.

**BACKGROUND**

On April 4, 2013, Plaintiff filed a Complaint (Dkt. #1) on the court's form civil rights complaint, alleging various claims against the Defendant City of Henderson.  Upon filing the Complaint, the Clerk of Court scheduled a deadline of April 14, 2013, for Plaintiff to file a certificate of interested parties pursuant to Rule 7.1-1 of the Local Rules of Civil Practice.  On April 10, 2013, Plaintiff emailed the CM/ECF help desk to request a form to comply with the court's requirement to file a certificate of interested parties.  The deputy clerk responded that there is no form, and Plaintiff must file something to comply with the Local Rule's requirement.  Plaintiff then asserts he would like the U.S. Marshal's Service to serve the Complaint.  The Clerk informed Plaintiff that generally, the U.S. Marshal only serves the complaint in cases where a plaintiff is proceeding in forma pauperis, but that Plaintiff could file a request for service by the Marshal.

/ / /

1      Plaintiff requested the deputy clerk put a hold on this case because Plaintiff is hearing impaired

2  and physically handicapped, and he hired an assistant who failed to appear for work and has Plaintiff's

3  cell phone. The deputy clerk responded that court staff is not permitted to give legal advice and

4  told Plaintiff he could file a request with the court for service of the Complaint by the U.S. Marshal.

5  Plaintiff then responded that there are no known interested parties other than those participating in this

6  case. It does not appear that Plaintiff has served the Complaint or submitted proposed summons for the

7  Clerk to issue.

8                          **DISCUSSION**

9      Plaintiff's letter represents that he filed an administrative complaint on April 15, 2013. Plaintiff

10  has attached a copy of the administrative complaint to the Civil Rights Division of the U.S. Department

11  of Justice as well as email correspondence between himself and a member of the Clerk of Court's

12  CM/ECF help desk staff. Plaintiff's administrative complaint alleges that he is hearing impaired and

13  must communicate via e-mail. He asserts that the he requested the Clerk of Court's assistance with an

14  issue involving a telephone number, and the Clerk of Court "claims the court considers such service a

15  conflict of interest and a violation of the court's procedures and conduct." Plaintiff is concerned that

16  the staff member with whom he was emailing is "claiming a conflict of interest" with Plaintiff's ADA

17  status and is delaying the government's response on the administrative complaint. Plaintiff requests the

18  court identify the staff member by email to Plaintiff.

19      To the extent Plaintiff is concerned that he will be deprived of access to the court because of his

20  hearing impairment, Plaintiff is assured that the court has assistive devices available to accommodate

21  him in the courtroom. If Plaintiff's concern is that the clerk would not assist him further in giving

22  advise, neither the court, nor the clerks are permitted to give legal advice. The Clerk of Court is simply

23  not permitted to tell any party what to file or give legal advice about how a party should proceed.

24  Plaintiff must file a written motion to request relief from the court. *See* Fed. R. Civ. P. 7. He should

25  not mail letters to the assigned judges requesting relief. *Id.*

26      If Plaintiff wants the U.S. Marshal's Service to serve the Complaint on his behalf, he must file

27  motion, supported by applicable points and authorities. Pursuant to Rule 4(m) of the Federal Rules of

28  Civil Procedure, service of the Complaint and summons must be made by August 2, 2013. Plaintiff

should review Fed R. Civ P. 4 which addresses summons and service.  Additionally, Plaintiff must file a certificate of interested parties as set forth in the court's Order (Dkt. #3).  A simple statement with the case caption entitled "Certificate of Interested Parties" identifying anyone Plaintiff believes has an interest in the outcome of this case is sufficient, and if Plaintiff know of no one else with an interest in the outcome of this case a simple statement to that effect will suffice. A statement in an email to a deputy clerk is not sufficient.

**IT IS SO ORDERED.**

Dated this 30th day of July, 2013.


_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE